OPINION OF THE COURT
Millard L. Midonick, S.
This is an application for ancillary letters of administration pursuant to SCPA 1607. The petition is accompanied by a judgment from the Court of First Instance in Patras, Greece, dated February 23, 1970, directing the issuance of a certificate of inheritance and by a supporting affidavit of Greek law.
*552 The decedent, a resident and citizen of Greece, died intestate in that country on August 5, 1969. The petitioner, a resident of New York, is the designee of all of the decedent’s distributees certified pursuant to the judgment and certificate of inheritance aforesaid. The assets of this estate in the State of New York, consist of securities in the possession of the petitioner. SCPA 1601 declares that ancillary administration shall be granted in New York only when there is an actual administration in the domiciliary jurisdiction. The statute requires not only that the person be entitled to possession of the property in the foreign State, but that he take affirmative steps by complying with all the requirements of jurisdiction to entitle him to receive the property and that he is acting or will act in that jurisdiction to administer the estate.
It appears that the Greek law does not provide for the appointment of a fiduciary and that administration of decedents’ estates, as this term is used and understood pursuant to the laws of the State of New York, does not exist. Under Greek laws heirs and distributees of a decedent file a petition with the Court of First Instance having jurisdiction for an order directing the issuance of a certificate of heirship or certificate of inheritance which identifies and certifies the lawful distributees of the deceased. These distributees thereafter assume control of all of the assets of the deceased without the necessity of an administrator. They are granted full power and authority to administer the affairs of the estate of the deceased, marshal the assets and pay all liabilities, disbursements and expenses.
SCPA 1607 (subd 1) authorizes the issuance of ancillary letters of administration upon "proof that letters of administration of the estate of a decedent have been issued by a competent court in the decedent’s domicile or upon proof that under the law of that jurisdiction letters of administration are not granted but that a person is acting in that jurisdiction to administer the decedent’s estate in accordance with the law thereof’. It appears from the petition that the distributees have assumed control of the assets of decedent. This is evidenced by the agreement entered into by the surviving spouse and all of the distributees whereby the assets left by the decedent were distributed in accordance with the Greek law of descent and distribution.
Upon the facts and circumstances presented, the court concludes that the nature of the proceedings described may be *553 deemed "an actual administration”. Accordingly, the distributees or their designee may administer the remaining balance of the property located here and make distribution as required by SCPA 1610. The application is granted. A bond for the full value of the assets in this jurisdiction shall be filed pursuant to law.